UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARDENAS, | CASE NO. 1:10-cv-01869-GBC (PC) |
| Plaintiff, | SECOND AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND |
| v. | (ECF No. 11) |
| M. CATE, et al., | THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Richard Cardenas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 27, 2010 and consented to Magistrate Judge jurisdiction on October 18, 2010. (ECF Nos. 1 & 7.) Plaintiff's original complaint was stricken by the Court on February 18, 2011 for lacking Plaintiff's signature. (ECF No. 8.) On March 4, 2011, Plaintiff filed his First Amended Complaint, which was dismissed by the Court with leave to amend. (ECF Nos. 9 & 10.) On May 23, 2011, Plaintiff filed a Second Amended Complaint. (ECF No. 11.) This Second Amended Complaint is now before the Court for

screening.

For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II.  SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.  SUMMARY OF COMPLAINT

Plaintiff alleges deliberate indifference to his serious medical need in violation of the

Eighth Amendment. Plaintiff names the following individuals as Defendants: J. Walker, Chief Health Care; Ellen Greenman, Chief Medical Officer; D. B. McElroy, CEO Health Care Services; and Campbell, Physician.

Plaintiff alleges the following: Prior to being incarcerated, Plaintiff was receiving treatment for Hepatitis C, cirrhosis of the liver, portal hypertension, and anemia. While Plaintiff was held at Santa Clara County Jail, the treating physician recommended that Plaintiff receive a C-scan every 90 days to monitor the lesion on his liver, which could be cancerous.

Plaintiff arrived at Avenal State Prison in November 2009. The recommended 90 day C-scans were not performed, so Plaintiff filed a 602 medical appeal on February 3, 2010. Defendant Campbell interviewed Plaintiff regarding his 602 appeal. Defendant Campbell subsequently denied the scans and a transfer request by Plaintiff. Another doctor supported Campbell's determinations. On April 12, 2010, Plaintiff was seen by Defendant Campbell who again denied scans and transfer request.

Plaintiff's appeal was denied at the second level by Defendants Greenman and McElroy. Defendant Walker denied Plaintiff's third level appeal.

Plaintiff seeks a transfer to a medical facility, a C-scan every 90 days, and monetary compensation.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. **Eighth Amendment Claims**

Plaintiff alleges inadequate medical care and deliberate indifference to his serious medical condition.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  <u>Jett</u>, 439 F.3d at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  <u>Jett</u>, 439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that the county jail doctor recommended scans every 90 days to monitor liver lesions that might lead to cancer, and that this was not followed once Plaintiff was transferred to prison. Plaintiff states that Defendant Campbell examined him twice and denied the scans and a transfer request both times.

Plaintiff has again failed to allege a cognizable Eighth Amendment claim. He fails to demonstrate deliberate indifference. As currently pleaded, it appears that Plaintiff was seen twice by Defendant Campbell. This does not demonstrate deliberate indifference. Further, it also appears that Defendant Campbell merely disagreed with the recommendation made by the county jail doctor. A disagreement in treatment options does not rise to a constitutional level, nor does it show deliberate indifference.

Plaintiff also fails to demonstrate a serious medical need again. He states that a scan was recommended to be done every 90 days because the lesions could become cancerous. He does not state that they will become cancerous, have become cancerous, or that the failure to treat has effected him in any way. In fact, Plaintiff does not state that the failure to treat or delay in treatment of his condition resulted in further significant injury or the unnecessary and wanton infliction of pain.

The Court will grant Plaintiff one additional opportunity to amend. In his amended complaint, Plaintiff must demonstrate that he is in fact suffering from a serious medical need and that the course of treatment Defendants chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health.

**B.    Appeal Process**

Plaintiff appears to be alleging that Defendants Greenman, McElroy, and Walker mishandled his grievances and appeals.

Defendants' actions in responding (or failing to respond) to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. Interests protected by the Due Process Clause may arise from two sources—the Due

Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).  However, California Code of Regulations, title 15 section 3084 et seq. grants state prisoners the right to a prison appeals process.  The regulations are purely procedural—they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards.  Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

    Accordingly, a prison official's failure to process grievances, without more, is not actionable under Section 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Plaintiff repeatedly states that his grievances were wrongly denied during the appeal process. However, Plaintiff fails to highlight the protected liberty interest and what creates it. As stated above, prisoners do not have any stand alone due process right to certain appeal processes in the administrative grievance procedure. Thus, Plaintiff has failed to state a due process claim. The Court will grant him leave to amend and attempt to state such a claim; however, Plaintiff would be well-served to focus on his other claims.

## V.  CONCLUSION AND ORDER

The Court finds that Plaintiff's Second Amended Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the events described herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:10-cv-1869-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:  June 23, 2011

_____
UNITED STATES MAGISTRATE JUDGE