UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CARDENAS, | CASE NO. 1:10-cv-01869-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| M. CATE, et al., | (ECF No. 13) |
| Defendants. | CLERK TO CLOSE CASE |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Richard Cardenas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 27, 2010 and consented to Magistrate Judge jurisdiction on October 18, 2010. (ECF Nos. 1 & 7.) Plaintiff's original complaint was stricken by the Court on February 18, 2011 for lacking Plaintiff's signature. (ECF No. 8.) Plaintiff's First and Second Amended Complaints were both dismissed by the Court with leave to amend. (ECF Nos. 9, 10, 11, & 12.)

On July 21, 2011, Plaintiff filed a Third Amended Complaint (ECF No. 13), which

is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff alleges deliberate indifference to his serious medical need in violation of the Eighth Amendment. Plaintiff names Dr. Campbell as the lone Defendant.

Plaintiff alleges the following: Prior to being incarcerated, Plaintiff was receiving treatment for Hepatitis C, cirrhosis of the liver, portal hypertension, and anemia. A scan was done and indicated a lesion. Plaintiff could not follow up with a gastroenterologist because of his arrest and incarceration. While Plaintiff was held at Santa Clara County Jail, the treating physician recommended that Plaintiff receive a C-scan every 90 days to monitor the lesion on his liver.

Plaintiff arrived at Avenal State Prison in November 2009. Plaintiff was seen by Defendant Campbell. During the examination, Plaintiff explained his condition and requested a scan every 90 days and a transfer. Defendant Campbell denied both requests. Plaintiff filed a 602 medical appeal on February 3, 2010. On April 7, 2010, a liver biopsy was done. Plaintiff saw Defendant Campbell on April 12, 2010, and again denied his requests for scans and a transfer.

Plaintiff seeks a transfer to a medical facility and a C-scan every 90 days.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff alleges inadequate medical care and deliberate indifference to his serious medical condition.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106;

see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff states that the county jail doctor recommended scans every 90 days to monitor liver lesions that might lead to cancer, and that this was not followed once Plaintiff was transferred to prison. Plaintiff states that Defendant Campbell examined him twice and denied the scans and a transfer request both times.

Plaintiff has again failed to demonstrate deliberate indifference to a serious medical need by Defendant Campbell. His Third Amended Complaint alleges the same facts with only the addition of conclusory statements, which are not proper to support an Eighth Amendment claim. The Court indicated that Plaintiff needed to show deliberate indifference and a serious medical injury, both of which Plaintiff again failed to accomplish. Plaintiff failed to demonstrate deliberate indifference by Defendant Campbell. Plaintiff was

seen at least twice by Campbell and he also had a liver biopsy.  Again, it appears that Defendant Campbell and Plaintiff were merely disagreeing about the treatment options, which will not support a cognizable Section 1983 claim.  Other than stating that Defendant Campbell inflicted pain to his liver region, Plaintiff does not state that not receiving the scans was affecting him in any way.

Plaintiff was previously notified of the relevant legal standards and the deficiencies in his prior complaint. Because Plaintiff's Third Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend.

**V.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's Third Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff filed four complaints and received substantial guidance from the Court in its two Screening Orders.  (ECF Nos. 1, 9, 10, 11, 12, & 13.)  Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies.  Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action

be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   July 26, 2011

UNITED STATES MAGISTRATE JUDGE